UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY R. LOUDON, | ) |
| | ) |
| Plaintiff, | ) Case No: |
| | ) |
| v. | ) Judge |
| | ) |
| BARCLAYS BANK DELAWARE, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Gregory R. Loudon ("Plaintiff") brings this action on behalf of himself against defendants Barclays Bank Delaware ("Barclays"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

1

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Illinois and this judicial district.

## PARTIES

6. Plaintiff, Gregory R. Loudon, is a natural person who resides in Cook County, Illinois.

7. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, C T Corporation System, is located at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, Prentice Hall Corporation is located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. In the U.S. market, defendant Barclays, delivers an array of consumer and small business credit card programs. Barclays is located at 125 S. West Street, Wilmington, DE 19801.

12. Barclays is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

13. Defendants regularly conduct business in Illinois.

## FACTS

14. In 2013—at 50—Plaintiff was laid off from his job as an illustrator. While Plaintiff tried to find new employment, he worked a variety of jobs—laborer for a pipefitter, bedbug work, lawn maintenance.

15. After Plaintiff lost his job, he had a difficult time paying off his debts and incurred credit card debt.

16. In 2015, Plaintiff retained an attorney to help him settle a debt he had with Barclays relating to a credit card. Plaintiff owed Barclays approximately $12,527.00.

17. On August 17, 2015, Plaintiff and Barclays agreed to settle Plaintiff's remaining Barclays balance for 35% of his balance, which was $4,385.00. Plaintiff promptly paid Barclays the agreed upon settlement amount, which extinguished his debt with Barclays. Plaintiff also paid an attorney for that attorney's help negotiating the debt.

18. Later, Barclays then sent to Plaintiff a Form 1099-C regarding the amount of debt discharged on Plaintiff's Barclays credit card in 2015. Exhibit A.

19. The date of identifiable event was September 15, 2015. Id.

20. The amount of debt discharged was $8,262.78. Id.

21. The amount of interest included was $1,079.51. Id.

22. In August 2020, Plaintiff met with a mortgage professional to get pre-approved to buy a house that Plaintiff and his wife wanted to buy. Their credit was good, but Plaintiff's debt to income ratio made it such that the interest rates available to Plaintiff and his wife were very high and it would have been very difficult for Plaintiff and his wife to afford to buy the house they wanted.

23. A big contributing factor to Plaintiff's debt to income ratio was an inaccurate present balance owed to Barclays for $8,262.00 with a monthly payment of $413. All three of Plaintiff's credit reports—Equifax, Experian, and TransUnion—showed Plaintiff still owed Barclays $8,262.00 and had a monthly payment obligation of $413.

24. Plaintiff contacted Barclays directly, several times, to contest the balance. But Barclays promised that a supervisor would contact Plaintiff, which never happened. Ultimately, Barclays ignored Plaintiff.

25. On September 22, 2020, Plaintiff sent letters to Equifax, Experian, and TransUnion via certified mail to dispute Plaintiff's Barclays account. In Plaintiff's September 22, 2020 dispute letters Plaintiff wrote that "my credit report indicates a current balance of $8,262. That's wrong. My current balance is $0. My credit report indicates a monthly payment of $413. That's wrong. My current monthly payment is $0. Attached is a 1099-C dated September 15, 2015 that shows the balances should be $0."

26. Experian received Plaintiff's dispute letter on September 28, 2020. TransUnion received Plaintiff's dispute letter on September 26, 2020.

27. Upon information and belief, Equifax, Experian, and Trans Union—pursuant to the

requirements stated in 15 U.S.C. §1681i(a)(2)(A)—notified Barclays of Plaintiff's disputes within 5 business days of receiving notice of the dispute from Plaintiff.

28. On October 7, 2020, Equifax responded to Plaintiff's dispute by correcting his Barclays account. Equifax changed the balance to $0 and changed the payment amount to $0.

29. Experian never responded to Plaintiff's dispute letter.

30. Trans Union never responded to Plaintiff's dispute letter.

31. In late December 2020, Plaintiff pulled his Experian and Trans Union credit reports. Both Experian and Trans Union are still inaccurately reporting Plaintiff's Barclays account.

32. Experian is still inaccurately reporting Plaintiff has a $8,262 balance. Further, Experian is not reporting that Plaintiff is currently disputing his Barclays account.

33. Trans Union is still inaccurately reporting Plaintiff has a $8,262 balance. Further, Trans Union is not reporting that Plaintiff is currently disputing his Barclays account.

34. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Experian and Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed items from Plaintiff's credit reports.

35. As a result, Plaintiff's debt to income ratio is still significantly inaccurate, which is negatively impacting his ability to obtain a mortgage.

36. Upon information and belief Experian, and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Experian's, and Trans Union's receipt of Plaintiff's disputes.

37. Barclays received Plaintiff's dispute letters—and supporting documentation—through all 3 credit reporting agencies' automated credit dispute verification process.

38. In response to Plaintiff's dispute letters, and supporting documentation, Barclays failed to conduct a reasonable investigation.

39. Even without Plaintiff's dispute letters—with supporting documentation—Barclays had knowledge that Plaintiff's Barclays account has a $0 balance due to the September 2015 settlement agreement reached between Barclays and Plaintiff, which prompted Barclays to send Plaintiff a 1099-C. Exhibit A.

40. Plaintiff has been damaged due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of his Barclays account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

41. This error has had a chilling effect on the mortgage process as well as caused emotional distress about how it will impact Plaintiff financially with less-than-ideal lending rates.

42. Plaintiff has suffered damages proximately caused by the conduct of Experian, and Trans Union, including:

    i. Emotional distress, humiliation, guilt, stress, anxiety, and loss of focus and production at work;

    ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

    iii. Believing that the inaccurate reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on his ability to obtain a mortgage;

    iv. Adverse information on his credit reports and a negative impact to his credit rating;

    v. An inability to improve his credit score during the dispute process;

    vi. A debt to income ratio that does not accurately reflect Plaintiff's current debt to income ratio;

    vii. A lower credit score; and

  viii.  Having to hire attorneys to combat the improper credit reporting.

## COUNT I

### Experian - Failure to reasonably reinvestigate

43. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

45. Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

46. Plaintiff sent a dispute letter, along with supporting documentation, to Experian requesting that Experian delete the inaccurate and derogatory Barclays account balance and monthly payment obligation.

47. Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned tradeline after receiving actual notice of the inaccuracies with supporting documentation showing the tradeline was reporting inaccurately.

48. Experian failed to correct inaccurate information after actual notice of inaccuracies.

49. Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's Barclays tradeline.

50. Experian failed to respond to Plaintiff after receiving Plaintiff's detailed dispute, with supporting documentation, on September 28, 2020.

51. Experian failed to notate on Plaintiff's Experian report after receiving Plaintiff's detailed dispute, with supporting documentation, that Plaintiff disputed the way Experian was reporting Plaintiff's Barclays account.

52. Experian's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

53. Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in his favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT II

**Trans Union - Failure to reasonably reinvestigate**

54. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

55. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

56. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

57. Plaintiff sent a dispute letter, along with supporting documentation, to Trans Union requesting that Trans Union delete the inaccurate and derogatory Barclays account balance and monthly payment obligation.

58. Trans Union failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned tradeline after receiving actual notice of the inaccuracies with supporting documentation showing the tradeline was reporting inaccurately.

59. Trans Union failed to correct inaccurate information after actual notice of inaccuracies.

60. Trans Union failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's Barclays tradeline.

61. Trans Union failed to respond to Plaintiff after receiving Plaintiff's detailed dispute, with supporting documentation, on September 28, 2020.

62. Trans Union failed to notate on Plaintiff's Trans Union report after receiving Plaintiff's detailed dispute, with supporting documentation, that Plaintiff disputed the way Trans Union was reporting Plaintiff's Barclays account.

63. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

64. Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a.    Enter judgment in his favor and against Trans Union;
    b.    Appropriate statutory penalties for each violation of the FCRA;
    c.    Actual damages;
    d.    Punitive damages;
    e.    Reasonable attorney's fees and the costs of this litigation;
    f.    Pre-judgment and post-judgment interest at the legal rate;

    g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and

    h.    Such other relief as the Court deems equitable, just, and proper.

## COUNT III

### Barclays -- Failure to investigate

65. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

66. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Barclays received notice of Plaintiff's written disputes to Equifax, Experian, and Trans Union Barclays was to conduct investigations with respect to the information Plaintiff disputed.

67. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(B), after Barclays received notice of Plaintiff's written disputes to Equifax, Experian, and Trans Union Barclays was obligated to review all relevant information provided to Barclays through Equifax, Experian, and Trans Union.

68. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(C), Barclays was required to report the results of the investigations caused by Plaintiff's disputes to the consumer reporting agencies.

69. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(D), if Barclay's investigations show that the information being reported is incomplete or inaccurate then Barclays must report the results to all other consumer reporting agencies to which it furnished the information and that compile and maintain files on consumers on a nationwide basis.

70. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), if an item investigated by Barclays is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, then Barclays must promptly: modify the information; delete the information; or permanently block the reporting of the information.

71. Barclays was provided notice of Plaintiff's written disputes to Equifax, Experian, and Trans Union.

72. Barclays failed to fully and properly investigate all of Plaintiff's disputes about the inaccurate Barclays balance and monthly payment reporting, if any investigations were done at all.

73. Barclays failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiff's disputes as to the inaccurate Barclays balance and monthly reporting, if any investigations were done at all.

74. Barclays failed to correct the inaccurate information contained in Plaintiff's credit reports after receiving the various notices about Plaintiff's disputes to the credit reporting agencies.

75. Barclays's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

76. Plaintiff has suffered embarrassment, humiliation, and emotional distress because of Barclay's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in his favor and against Barclays;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: February 4, 2021

Respectfully submitted,

GREGORY R. LOUDON, plaintiff,

By: /s/James M. Smith

Richard J. Doherty (6226707)
James M. Smith (6285183)
Doherty Smith, LLC
9501 W. 144th Place
Suite 101
Orland Park, IL 60462
Phone: 708.645.8824
Fax: 312.319.4084
RDoherty@dohertysmith.com
JSmith@dohertysmith.com